UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| KATHERINE KING ET AL., | CASE NO. 2:24-cv-01720-JHC |
| Plaintiffs, | ORDER |
| v. | |
| LAXMAN NARASIMHAN ET AL., | |
| Defendants. | |

## I
### INTRODUCTION

This matter comes before the Court on: (a) "Plaintiffs Ashley Ross and Rosa Marquez's Motion to: (1) Vacate Leadership Order, ECF No. 14; and (2) Enter Scheduling Order for Leadership Briefing" (Dkt. # 23); (b) "Proposed Intervenors' Joinder to Plaintiffs Ashley Ross and Rosa Marquez's Motion to: (1) Vacate Leadership Order, ECF No. 14; and (2) Enter Scheduling Order for Leadership Briefing; and Motion for Intervention" (Dkt. # 26); and (c) two requests to strike (Dkt. ## 39 at 6–9 & 42 at 1–3). Being fully advised, and for the reasons below, the Court: (a) GRANTS Ross and Marquez's Motion (Dkt. # 23); (b) DENIES Proposed

ORDER - 1

Intervenors' Motion (Dkt. # 26) without prejudice; and (c) STRIKES the materials discussed at Dkt. ## 39 at 6–9 & 42 at 1–3.

## II
### BACKGROUND

The current dispute arises from various related shareholder derivative actions pending before this Court.  As pertinent here, on October 21, 2024, Plaintiff Katherine King filed a shareholder derivative action against Defendants Laxman Narasimhan, Rachel Ruggeri, Richard E. Allison, Jr., Andrew Campion, Beth Ford, Mellody Hobson, Jorgen Vig Knudstorp, Neal Mohan, Satya Nadella, Daniel Servitje, Mike Sievert, and Wei Zhang, alleging violations of federal securities laws and breaches of fiduciary duties.  *See* Dkt. # 1.  King's Complaint was filed by Badgley Mullins Turner PLLC and The Brown Law Firm, P.C.  *See id.*  On December 2, 2024, Plaintiff Portia McCollum filed a similar lawsuit against the same defendants.  *See McCollum v. Narasimhan, et al*, No. 2:24-cv-01979-JHC, Dkt. # 1.  McCollum's Complaint was filed by Badgley Mullins Turner PLLC, Rigrodsky Law, P.A., and Grabar Law Office.  *See id.* At the close of 2024, these actions were the only related shareholder derivative actions pending before this Court.  *See generally* Dkt.

On January 3, 2025, Plaintiffs King and McCollum filed a "Stipulation and Proposed Order Consolidating Related Shareholder Derivative Actions and Appointing Co-Lead Counsel for Plaintiff."  Dkt. # 13; *see also McCollum v. Narasimhan, et al*, No. 2:24-cv-01979-JHC, Dkt. # 12.  The stipulation sought consolidation of the King and McCollum Actions and requested that The Brown Law Firm and Rigrodsky Law be appointed Co-Lead Counsel in the Consolidated Action.  *See id.*  Pursuant to Plaintiffs' stipulation, the Court ordered the actions consolidated and appointed The Brown Law Firm and Rigrodsky Law as Co-Lead Counsel for the Consolidated Action.  Dkt. # 14; *see also McCollum v. Narasimhan, et al*, No. 2:24-cv-

ORDER - 2

01979-JHC, Dkt. # 14.  Consolidated Action Plaintiffs then moved to stay the case, pending "final resolution of any and all motion(s) to dismiss" the related securities class action—*Garbaccio v. Starbucks Corporation, et al*, No. 2:24-cv-01362-JHC.  *See* Dkt. # 16.  The Court granted the Stipulated Motion to Stay on March 5, 2025, thereby staying the Consolidated Action until December 2025.  *See* Dkt. # 17 (staying case through final resolution of any motions to dismiss in *Garbaccio*); *Garbaccio v. Starbucks Corporation, et al*, No. 2:24-cv-01362-JHC, Dkt. ## 49 (granting in part and denying in part the defendants' motion to dismiss and granting the plaintiffs until December 10, 2025 to file an amended pleading), 59 (granting the plaintiff's motion for reconsideration).

Shortly after the stay expired, three new shareholder derivative actions were filed.  The first—the Ross Action—was filed on December 16, 2025 by Corr Cronin LLP and The Rosen Law Firm, P.A. on behalf of Plaintiff Ashley Ross.  *See Ross v. Narasimhan, et al*, No. 2:25-cv-02584-JHC, Dkt. # 1.  The second—the Marquez Action—was filed by Corr Cronin LLP and Glancy Prongay & Murray LLP on behalf of Plaintiff Rosa Marquez on December 30, 2025.  *See Marquez v. Narasimhan, et al*, No. 2:25-cv-02725-JHC, Dkt. # 1.  And the third—the Hayashi Action—was filed on January 22, 2026 by Tomlinson Bomsztyk Russ and Kuehn Law, PLLC on behalf of Plaintiff Rebecca Leigh Hayashi.  *See Hayashi v. Laxman, et al*, No. 2:26-cv-00240-JHC, Dkt. # 1.  All three actions allege violations of federal securities laws and breaches of fiduciary duties against the same defendants as the Consolidated Action.  *See generally id.*; *Ross v. Narasimhan, et al*, No. 2:25-cv-02584-JHC, Dkt. # 1; *Marquez v. Narasimhan, et al*, No. 2:25-cv-02725-JHC, Dkt. # 1.

On May 4, 2026, the Court approved a stipulation and proposed order from Plaintiffs King, McCollum, and Hayashi, thereby consolidating the Hayashi Action into the Consolidated Action.  *See* Dkt. # 48; *see also Hayashi v. Laxman, et al*, No. 2:26-cv-00240-JHC, Dkt. # 35.

ORDER - 3

According to Consolidated Action Plaintiffs, Hayashi's Complaint then became the operative complaint, as Hayashi had "investigated Starbucks' misconduct through a books-and-records demand since before January 29, 2025[,]" Hayashi's Complaint was "superior" to King's and McCollum's Complaints, and "Hayashi's counsel and Co-Lead Counsel [had] agreed that any complaint supported by confidential documents produced to Hayashi would become operative upon consolidation." Dkt. # 30 at 8, 14.

That same day, Plaintiffs Brian Johnson and Aleta Thompson (Proposed Intervenors) initiated their own action—the Thompson Action. *See Thompson v. Starbucks, et al*, No. 2:26-cv-01510-JHC, Dkt. # 1. Proposed Intervenors are represented by Townsend Legal, PLLC and Robbins LLP and their Complaint, like Hayashi's Complaint, incorporates confidential information obtained from Starbucks via a books-and-record demand that was sent before Proposed Intervenors filed their lawsuit. *See id*.; *see also* Dkt. # 26 at 8, 12. And on May 26, 2026, the Court approved Plaintiffs Ross and Marquez's stipulated motions to consolidate their actions into the Consolidated Action. *See* Dkt. ## 49 & 50; *see also Ross v. Narasimhan, et al*, No. 2:25-cv-02584-JHC, Dkt. ## 11 & 13; *Marquez v. Narasimhan, et al*, No. 2:25-cv-02725-JHC, Dkt. ## 11 & 13.

Thus, as of today's date, there are two related shareholder derivative actions pending before this Court: (1) the Consolidated Action (comprised of the King, McCollum, Hayashi, Ross, and Marquez Actions); and (2) the Thompson Action.[1] There are also two pending motions in the Consolidated Action: (1) Ross and Marquez's Motion (Dkt. # 23), which seeks an order vacating the leadership-related portions of the Court's Order at Dkt. # 14 (the Leadership

---

[1] A recent filing in the Thompson Action suggests that Proposed Intervenors seek to consolidate their case with the Consolidated Action. *See Thompson v. Starbucks, et al*, No. 2:26-cv-01510-JHC, Dkt. # 16. Such consolidation, however, has yet to officially occur. *See generally* Dkt.

ORDER - 4

Order);[2] and (2) Proposed Intervenors' Motion (Dkt. # 26), which seeks intervention and joinder of Ross and Marquez's Motion. *See generally* Dkt. There are also two requests to strike in the filings that relate to these motions—one by Plaintiffs Ross and Marquez (Dkt. # 39 at 6–9) and one by Plaintiffs King and McCollum (Dkt. # 42 at 1–3).

## III
### DISCUSSION

A.    Ross and Marquez's Motion (Dkt. # 23)

Plaintiffs Ross and Marquez move to vacate the Leadership Order because it was entered through an uncontested stipulation and without a thorough evaluation of the factors that courts typically consider when appointing lead counsel.[3] The Court agrees.

Federal Rule of Civil Procedure Rule 23.1 governs derivative actions brought by shareholders. But the rule does not address appointment of counsel, *see generally* Fed. R. Civ. P. 23.1, so district courts apply circuit law. "With respect to appointment of lead counsel, the Ninth Circuit has held that a court has the inherent power to consolidate actions and appoint lead counsel to supervise and coordinate prosecution of a case." *In re Oclaro, Inc. Derivative Litig.*, 2011 WL 4345099, at *2 (N.D. Cal. Sept. 14, 2011) (citing *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 774 (9th Cir. 1977)); *see also Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *6 (N.D. Cal. Mar. 4, 2013) ("District courts regularly (but are not required to) appoint lead

[2] As used in this Order, "Leadership Order" refers to the portions of Dkt. # 14 that address leadership. It does not refer to the full contents of the Stipulation and Order at Dkt. # 14.

[3] Despite the filings' discussion of the standards governing appointment of lead plaintiffs and the purported capacity of certain plaintiffs to lead this action, Ross and Marquez's Motion does not seek any relief in connection with the appointment of lead plaintiffs. *See generally* Dkt. # 23. Likewise, the Court's Order at Dkt. # 14 does not appoint a lead plaintiff. *See generally* Dkt. # 14; *see also Deguzman v. Anderson*, 2025 WL 3214994, at *2 n.1 (S.D. Cal. Nov. 17, 2025) ("Unlike in a securities class action . . . there is no requirement to appoint a lead plaintiff in a [consolidated] shareholder derivative action before appointing lead counsel."). And as of today's date, no Plaintiff has sought appointment as "Lead Plaintiff" in the Consolidated Action. *See generally* Dkt. The Court thus declines to address any issues related to lead plaintiff appointments in this Order.

ORDER - 5

counsel in complex consolidated suits."). This inherent discretion embraces both the power to decide whether to appoint lead counsel *and* the power to select who should serve as lead counsel. *See generally id.*

As for selection, "[t]here is no mandatory statutory criteria that a court must apply[.]" *Stockman-Sann v. McKnight*, 2013 WL 12128816, at \*3 (C.D. Cal. Mar. 4, 2013). In any event, courts typically consider the seven factors set forth in the *Manual for Complex Litigation*, as cited in *Vincent*,[4] and/or some version of the following factors: "(1) the quality of the pleadings, (2) the vigorousness of the prosecution of the lawsuits, (3) the capabilities of counsel, including their experience and prior success record, and whether counsel's charges are reasonable, and (4) whether one complaint is simply a 'copycat action' of another." *Nicolow*, 2013 WL 792642, at \*6–7; *see also In re Oclaro*, 2011 WL 4345099, at \*2 (collecting cases). Courts also sometimes apply the class counsel selection criteria from Federal Rule of Civil Procedure 23(g). *See Sparano v. Lief*, 2011 WL 830109, at \*2 (S.D. Cal. Mar. 3, 2011). And courts regularly reject attempts by parties to approach case management, including lead counsel appointments, in a manner that encourages a "race to the courthouse." *See Franzetti v. Pac. Mkt. Int'l LLC*, 2024 WL 1832470, at \*4 (W.D. Wash. Apr. 26, 2024) (collecting cases); *see also Hirt v. U.S.*

---

[4] These factors are:
(1) qualifications, functions, organization, and compensation of designated counsel; (2) whether there has been full disclosure of all agreements and understandings among counsel; (3) would-be designated attorneys' competence for assignments; (4) whether there are clear and satisfactory guidelines for compensation and reimbursement, and whether the arrangements for coordination among counsel are fair, reasonable, and efficient; (5) whether designated counsel fairly represent the various interests in the litigation—where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests; (6) the attorneys' resources, commitment, and qualifications to accomplish the assigned tasks; and (7) the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court- experience in similar roles in other litigation may be useful, but an attorney may have generated personal antagonisms during prior proceedings that will undermine his or her effectiveness in the present case.
*Nicolow*, 2013 WL 792642, at \*6–7 (citing *Manual for Complex Litigation* § 10.224 (4th ed. 2004)).

ORDER - 6

*Timberlands Serv. Co. LLC*, 2002 WL 1558342, at *2 (Del. Ch. July 3, 2002) ("[N]o special weight or status will be accorded to a lawsuit simply by virtue of having been filed earlier than any other pending action.") (citation and internal quotation marks omitted).

Here, the Court's Leadership Order was based on an uncontested stipulation. *See generally* Dkt. As a result, Co-Lead Counsel did not present arguments to the Court about why they are best suited to lead the Consolidated Action, nor did the Court have the opportunity to thoroughly evaluate Co-Lead Counsel's qualifications based on any of the factors listed above. Similarly, because only the King and McCollum Actions were pending as of January 2025, other counsel did not have the chance to present arguments about why they should lead this action (or about why Co-Lead Counsel should not lead this action), thereby depriving the Court of the opportunity to evaluate competing applications for leadership and make a well-considered decision based on all pertinent facts. And when faced with similar situations, district courts often order further briefing and/or revise, reconsider, or vacate pre-existing leadership orders, rather than permit a previously uncontested leadership appointment to stand in perpetuity.[5] The Court likewise finds further briefing on leadership to be appropriate here.

Additionally, while Plaintiffs King and McCollum are correct that motions to vacate are not recognized under the Local Rules, *see* Dkt. # 30 at 8–9, they are incorrect that this motion should be construed as a motion for reconsideration under Local Rule 7(h) instead of as a request to modify or rescind an interlocutory case management order under the Court's inherent

---

[5] *See, e.g.*, *In re Wells Fargo & Co. Hiring Pracs. Derivative Litig.*, 2023 WL 4536883, at *4 (N.D. Cal. July 13, 2023) ("As current co-lead counsel was designated through stipulation, the Court finds it appropriate to brief on this issue."); *In re Globe Life Inc. f/k/a Torchmark Corp. S'holder Derivative Litig.*, 2026 WL 1047968, at *1, 7 (E.D. Tex. Apr. 17, 2026) (considering leadership "anew" and then vacating portions of a prior order that concerned leadership for the consolidated action); *In re Frontier Commc'ns Corp. Derivative Litig.*, 2018 WL 3553332, at *7 (D. Conn. July 23, 2018) (reviewing further briefing on leadership and then modifying prior order on leadership to add additional counsel).

ORDER - 7

authority.  *See Dallas Buyers Club, LLC v. Does 1-10*, 2016 WL 4154703, at *4 (W.D. Wash. Feb. 11, 2016) (A district court has "the inherent power to vacate its own interlocutory orders.") (citing *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001)); *Coal. to Protect Puget Sound Habitat v. U.S. Army Corps of Eng'rs*, 2017 WL 11921987, at *1 (W.D. Wash. Apr. 4, 2017) (granting the plaintiff's motion to vacate a case management order).  Plaintiffs King and McCollum's procedural deficiency and manifest error arguments based on Local Rule 7(h) thus fail.

Accordingly, the Court GRANTS Ross and Marquez's Motion (Dkt. # 23).[6]

B.      Proposed Intervenors' Motion (Dkt. # 26)

Proposed Intervenors move to intervene as of right or by permission.  *See generally* Dkt. # 26.  They also move to join Ross and Marquez's Motion (Dkt. # 23), but ask for a longer briefing schedule for the requested leadership motions.  *See id*.  Plaintiffs King and McCollum oppose the intervention; Plaintiffs Marquez and Ross do not.  *See* Dkt. ## 40 & 45.  Based on the briefing, the Court cannot grant intervention at this time.

Although Proposed Intervenors raise many strong arguments in favor of intervention, *see generally* Dkt. # 26 at 14–19, many of these arguments (and the counterarguments raised by Plaintiffs King and McCollum, *see* Dkt. # 45 at 9–18), have been mooted by ensuing developments in this case—namely, the filing of the Hayashi and Thompson Actions. Additionally, when Proposed Intervenors sought intervention, they did not attach a pleading to their motion (as required by Federal Rule of Civil Procedure 24(c)).  *See generally* Dkt.  The briefing on Proposed Intervenors' Motion is thus hypothetical and vague, rather than tangible

---

[6] Because the Court is granting the motion under its inherent authority, it need not reach the parties' arguments concerning the tactics and adequacy of counsel.  It does, however, note that the mudslinging, ad hominem attacks, and other spurious arguments in the parties' filings on this subject are not appreciated.

ORDER - 8

and specific.  *See generally* Dkt. ## 26 & 45.  The Court thus cannot properly evaluate whether intervention is proper based on the parties' submissions as compared to the actual state of the proceedings, and so it DENIES Proposed Intervenors' Motion (Dkt. # 26) without prejudice.[7]

C.      Requests to Strike

        1.      Plaintiffs Ross and Marquez's Request to Strike (Dkt. # 39 at 6–9)

In their reply, Plaintiffs Ross and Marquez request that the Court strike the Declaration of Timothy Brown (Dkt. # 31) for being "replete with improper argument, distortions, unsupported assertions about topics of which the declarant admits he has no personal knowledge," disclosing "confidential information subject to privilege," and showing "a disregard for court orders."  Dkt. # 39 at 7.  Although the Court does not endorse all of Plaintiffs' reasons for striking, it does find that Timothy Brown's Declaration contains unsupported assertions, inflammatory statements, and many facts and arguments that are irrelevant to the actual issue before the Court—whether the Court should vacate the Leadership Order and direct parties to submit leadership motions so that it can fully evaluate who is best suited to represent Consolidated Action Plaintiffs' interests.  Accordingly, the Court STRIKES the Declaration of Timothy Brown (Dkt. # 31).

        2.      Plaintiffs King and McCollum's Request to Strike (Dkt. # 42 at 1–3)

In their surreply, Plaintiffs King and McCollum request that the Court strike the Proposed Intervenors' Reply (Dkt. # 37) because "Proposed Intervenors lack standing to file any substantive motions or briefs because they are not parties to this Action."  Dkt. # 42 at 2.  As the Court has denied Proposed Intervenors' Motion (Dkt. # 26), *see* part III(B) above, Proposed

---

[7] The Court denies the motion without prejudice (rather than requesting supplemental briefing) because it finds no prejudice to Proposed Intervenors from such a denial: the Court is granting Ross and Marquez's Motion (Dkt. # 23), *see* part III(A) above, and Proposed Intervenors' arguments concerning the briefing schedule are mooted by the fact that Proposed Intervenors have already filed a complaint. *See Thompson v. Starbucks, et al*, No. 2:26-cv-01510-JHC, Dkt. # 1.

ORDER - 9

Intervenors are not a party to this action and thus cannot submit substantive briefing in support of Ross and Marquez's Motion (Dkt. # 23).  *See, e.g., Johnson v. Moss Bros. Auto Grp.*, 2020 WL 13368485, at *2 (C.D. Cal. Aug. 24, 2020) (striking the proposed intervenors' filing and stating that they "shall not file any documents in [the] case" unless and until they receive a favorable ruling on their motion to intervene).  The Court thus STRIKES Proposed Intervenors' Reply (Dkt. # 37).

**IV**
**CONCLUSION**

For these reasons, the Court:

(1)     GRANTS Ross and Marquez's Motion (Dkt. # 23).  The Court VACATES the Leadership Order (Dkt. # 14)[8] and DIRECTS any counsel wishing to lead the Consolidated Action to submit motions for leadership within 30 days.  The Court cautions all counsel to maintain the requisite level of professionalism and decorum in any papers submitted to the Court.

(2)     DENIES Proposed Intervenors' Motion (Dkt. # 26) without prejudice.  If Proposed Intervenors wish to move for intervention, they may do so within 14 days.

(3)     STRIKES the Declaration of Timothy Brown (Dkt. # 31), and STRIKES Proposed Intervenors' Reply (Dkt. # 37).

Dated this 27th day of May, 2026.

John H. Chun
United States District Judge

---

[8] Per the Court's definition of "Leadership Order" in Footnote 2, nothing in this Order should be read to affect consolidation or any other non-leadership portions of the Court's Order at Dkt. # 14.

ORDER - 10